1
2
3
4                          UNITED STATES DISTRICT COURT
5                         NORTHERN DISTRICT OF CALIFORNIA
6
7    STACEY SCHUETT,                          Case No.  15-cv-0189-PJH
8                   Plaintiff,
9           v.                               **ORDER DENYING MOTION TO
                                             TRANSFER AND VACATING
10   FEDEX CORPORATION                       HEARING**
     RETIREMENT APPEALS
11   COMMITTEE, et al.,
12                 Defendants.
13

14          Before the court is defendants' motion pursuant to 28 U.S.C. § 1404(a) to transfer

15   the above-entitled action to the Western District of Tennessee for the convenience of

16   parties and witnesses.  Having read the parties' papers and carefully considered their

17   arguments and the relevant legal authority, the court hereby DENIES the motion.

18                                      **BACKGROUND**

19          Plaintiff Stacey Schuett, who resides in Sebastopol, California, was married to

20   Lesly Taboada-Hall ("Taboada-Hall"), on June 19, 2013, in Sonoma County, California.

21   Cplt ¶¶ 1, 22, 36.  Prior to their marriage, they had lived together for many years and had

22   two children.  Cplt ¶¶ 22, 24.  They entered into a California Registered Domestic

23   Partnership in 2003.  Cplt ¶ 25.

24          Taboada-Hall worked for defendant FedEx Corporation ("FedEx") for 26 years and

25   was a fully-vested participant in defendant FedEx Corporation Employees Pension Plan

26   ("the Plan").  Cplt ¶¶ 1, 26.  Taboada-Hall was diagnosed with cancer in February 2010.

27   Cplt ¶ 27.  By November 2012, she went on a medical leave of absence.  Cplt ¶ 28.

28          Plaintiff asserts that in February 2013, she and Taboada-Hall communicated with

United States District Court
Northern District of California

Harry Saurer, a FedEx Human Resources ("HR") representative in Sacramento, California, about Taboada-Hall's pension and other employment benefits.  Cplt ¶ 29.  Mr. Saurer allegedly advised Taboada-Hall not to take early retirement, and recommended that she list plaintiff as sole beneficiary for the life insurance and 401(k) plan; however, he allegedly said he didn't know whether the defined benefit (pension) could pass to a "partner" if she died, and that she should ask "someone else."  Cplt ¶ 29.

Plaintiff claims that FedEx breached its fiduciary duty to provide complete and accurate information through the statements of its representatives.  Cplt ¶¶ 61-65.  In particular, she asserts that FedEx failed to inform Taboada-Hall and plaintiff that plaintiff would not be entitled to a survivor benefit if Taboada-Hall died before retirement, and misled Taboada-Hall by discouraging her from retirement, when plaintiff would have been entitled to a benefit – albeit a reduced nonspousal benefit – if Taboada-Hall had retired before she died.  Cplt ¶¶ 62-63.

On June 3, 2013, Taboada-Hall's doctor advised her that her cancer was terminal. Cplt ¶ 30.  Plaintiff claims that in further reviewing what benefits would be available to plaintiff after Taboada-Hall's death, she and Taboada-Hall discovered that the Plan incorporated the definition of "spouse" from § 3 of the federal Defense of Marriage Act ("DOMA").  Cplt ¶¶ 32, 33.  Between June 3 and June 13, 2013, they allegedly had phone conversations with FedEx HR personnel, and on June 13, 2013, were finally told that plaintiff would not receive the spousal survivor benefit under the Plan, because "spouse" was limited to opposite-sex partners.  Cplt ¶ 34.

Taboada-Hall died on June 20, 2013.  Cplt ¶ 36.  Six days later, on June 26, 2013, the United States Supreme Court declared § 3 of DOMA unconstitutional.  See United States v. Windsor, 133 S. Ct. 2675 (2013).  On September 18, 2013, plaintiff obtained an order from the Sonoma County Superior Court stating that the couple's marriage was valid, and the court issued a marriage certificate showing the date of marriage as June 19, 2013.  Cplt ¶ 38.

1   On November 26, 2013, plaintiff submitted a claim for survivor benefits under the

2   Plan.  Cplt ¶ 40.  By letter dated April 30, 2014, FedEx denied the claim, on the basis that

3   at the time of Taboada-Hall's death, the Plan applied the DOMA definition to "spouse"

4   and thus did not provide survivor benefits to same-sex spouses.  Cplt ¶ 42.  Plaintiff

5   appealed the decision on June 27, 2014.  Cplt ¶ 43.  On August 25, 2014, defendant

6   FedEx Corporation Retirement Appeals Committee ("RAC") issued a letter denying

7   plaintiff's appeal, and stating that "for purposes of the Plan" Taboada-Hall was "unmarried

8   at the time of her death, and had no surviving [s]pouse."  Cplt ¶ 45.

9   Plaintiff filed this action on January 14, 2014.  Named as defendants are FedEx,

10  the Plan, and RAC.  Plaintiff asserts three causes of action – (1) a claim for benefits

11  under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) (against all defendants); (2) a

12  claim of breach of fiduciary duty under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)

13  (against FedEx and RAC), for failure to administer the Plan in accordance with applicable

14  law; and (3) a claim of breach of fiduciary duty under ERISA § 502(a)(3), 29 U.S.C.

15  § 1132(a)(3) (against FedEx), for failure to inform and/or providing misleading

16  communications.

17  **DISCUSSION**

18  A.   Legal Standard

19  "For the convenience of parties and witnesses, in the interest of justice, a district

20  court may transfer any action to any other district or division where it might have been

21  brought."  28 U.S.C. § 1404(a).  The purpose of this statute is "to prevent the waste of

22  time, energy and money and to protect litigants, witnesses and the public against

23  unnecessary inconvenience and expense."  Van Dusen v. Barrack, 376 U.S. 612, 616

24  (1964).

25  In deciding a motion to transfer venue, the district court must consider each of the

26  factors enumerated in § 1404(a) – whether the action could have been brought in the

27  proposed transferee district, the convenience of the parties, the convenience of the

28  3

1    witnesses, and the interests of justice.  Hatch v. Reliance Ins. Co., 758 F.2d 409, 414

2    (9th Cir. 1985); see also Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir.

3    2000).

4          Courts commonly consider the following factors to evaluate whether the interests

5    of justice warrant a transfer of venue under § 1404(a):  (1) the plaintiff's choice of forum,

6    (2) the convenience of the parties, (3) the convenience of the witnesses, (4) the ease of

7    access to the evidence, (5) the familiarity of each forum with the applicable law, (6) the

8    feasibility of consolidation of other claims, (7) any local interest in the controversy, and

9    (8) the relative court congestion and time of trial in each forum.  See Vu v. Ortho-McNeil

10   Pharmaceutical, Inc., 602 F.Supp.2d 1151, 1156 (N.D. Cal. 2009); Williams v. Bowman,

11   157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001); see also Atlantic Marine Constr. Co., Inc. v.

12   United States Dist. Court for the Western Dist. of Texas, 134 S. Ct. 568, 581 & n.6 (2013)

13   (citing Piper Aircraft v. Reyno, 454 U.S. 235, 241 n.6 (1981)).

14         The moving party has the burden of showing that the balance of convenience of

15   parties and the interest of justice weighs heavily in favor of transfer to overcome the

16   strong presumption in favor of the plaintiffs' choice of forum.  See Piper Aircraft, 454 U.S.

17   at 255; Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir.

18   1986); Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir.

19   1979).  No single factor is dispositive, though a plaintiff's choice of forum must be

20   accorded some weight in the analysis.  Atlantic Marine, 134 S.Ct. at 581 n.6.  A transfer

21   may not be appropriate if it would "merely shift rather than eliminate the inconvenience."

22   Decker Coal, 805 F.2d at 843.

23   B.    Defendants' Motion

24         Defendant FedEx is headquartered in Memphis, Tennessee, and defendants seek

25   an order transferring this case to the Western District of Tennessee.  The defendant Plan

26   is an employee-benefit plan within the meaning of ERISA.  FedEx is the Administrator of

27   the Plan, although it delegated the plan administration to the FedEx Retirement Service

28

United States District Court
Northern District of California

4

Center in Deerfield, Illinois, and the appeals package was assembled by Aon Claims Management in Lincolnshire, Illinois.  Defendant RAC is an internal committee consisting of FedEx employees who work in Memphis.  The three members of the committee that made the determination regarding plaintiff's appeal reside in Tennessee or Northern Mississippi.  Defendants assert that all records pertaining to plaintiff's claim for benefits are maintained in Illinois, with copies in Memphis, Tennessee.

Defendants argue, first, that jurisdiction exists and venue is proper in the Western District of Tennessee under 28 U.S.C. § 1391(b).  They assert that because all the defendants may be found in the proposed transferee forum, plaintiff could have properly commenced this action in that forum, as both jurisdiction and venue are proper there.

Second, with regard to plaintiff's choice of forum, defendants concede that this factor appears to favor plaintiff, but assert that this forum may not be proper as to defendant RAC, as it is not a resident of California and may not be found in this District. The members of the RAC are all residents of Tennessee and Northern Mississippi, and none are found here.  Thus, defendants contend, venue may not be proper in this district under § 1391(b).

With regard to convenience of parties and witnesses, defendants note that the convenience of witnesses is often viewed as the most important factor in transfer of venue.  They assert that this factor "weighs heavily" in favor of transfer to the Western District of Tennessee, as the defendants in this case are all entities that can speak and act only through individual witnesses, and that those witnesses are all management-level employees of FedEx or its subsidiaries, including individual members of defendant RAC. Defendants contend that none of those witnesses resides in California, and that requiring key witnesses regarding the Plan and the decision-making process at issue to participate in a five-day trial "thousands of miles away" in the Northern District of California would require that they be absent from their daily jobs and that they travel from Tennessee to California, and stay in Oakland for the duration of the trial.

1    With regard to the ease of access to evidence, defendants assert that the

2    documents related to the decision to deny plaintiff's claim and to the appeal of the

3    decision are all maintained in Illinois, with copies in Tennessee, and that none of the

4    documents are maintained in California.  Defendants concede that documents can be

5    mailed to California from Tennessee and Illinois, but assert that mailing increases the risk

6    of loss.

7    With regard to the familiarity of each forum with the applicable law, defendants first

8    contend that this factor weighs in favor of transfer, as plaintiff has asserted claims under

9    only ERISA – not under California law.  Then, defendants assert that because the

10   Northern District of California and the Western District of Tennessee are equally familiar

11   with federal case law and statutes, this factor is neutral.

12   With regard to local interest in the controversy, defendants argue that the only

13   potential local interest in this forum is related to the fact that plaintiff resides here.  They

14   claim that the fact that the majority of witnesses and most of the evidence are located in

15   the Western District of Tennessee means that the transferee venue has a strong local

16   interest in the case, while this district has little or none.  Thus, they assert that this factor

17   favors transfer.

18   With regard to the relative congestion and time of trial in each forum, defendants

19   assert that this factor also favors transfer.  They provide a chart showing that the

20   Northern District of California has more cases than the Western District of Tennessee,

21   and that on average, in 2014 there were 383 cases per judge in the Northern District of

22   California, and 326 cases per judge in the Western District of Tennessee.

23   In opposition, plaintiff asserts that she chose this district to file suit because she

24   lives here, her late spouse lived and worked and accrued pension benefits here, and

25   because she and her spouse were married here.  She claims that defendants' attempt to

26   have the case transferred from this district to the Western District of Tennessee is at best

27   an effort to shift the inconvenience of litigation from themselves to plaintiff, and at worst,

28

United States District Court
Northern District of California

an attempt to forum-shop.

With regard to the relevant factors, plaintiff first contends that a plaintiff's choice of forum is given substantial weight in consideration of whether to transfer venue under § 1404(a), and that the defendant must make a strong showing of inconvenience to warrant upsetting plaintiff's choice. She asserts that the presumption in favor of the plaintiff's choice of forum may be rebutted if the party who has selected the forum does not reside there; where there is some suggestion of forum-shopping by the non-moving party; or where the chosen forum lacks a significant connection to the activities alleged in the complaint. However, she argues that none of these circumstances exists here, and that the court should give substantial weight to her choice of forum.

Second, plaintiff asserts that venue is proper in this judicial district. She argues that defendants are improperly relying on the general venue statute, and that the appropriate statute is the provision in 29 U.S.C. § 1132(e)(2). Under this provision, an action may "be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." She asserts that a defendant may be "found" within the meaning of the ERISA venue provision in any district where the court has personal jurisdiction over that defendant.

Plaintiff notes that defendants do not claim that the court lacks personal jurisdiction over FedEx. Nor, she asserts, can they claim that the court lacks personal jurisdiction over RAC, because a pension plan may be found in the district where an employee performs work and earns pension credits. By that reasoning, plaintiff asserts, a committee that serves as the named fiduciary of a pension plan and is responsible for its operation and administration may also be found in that district. Plaintiff contends that because the pension benefit at issue in this case was accrued in this judicial district, and plaintiff's right to a survivor benefit arose in this district, the Plan and RAC may also be found in this district. As for defendants' argument that the members of RAC reside in Tennessee and Mississippi, plaintiff notes that she has not sued the individual members

of RAC, but rather RAC itself, which is a separate entity.

Moreover, plaintiff argues, the "breaches" alleged here – denial of the survivor pension benefit and communication of inaccurate or incomplete information to plaintiff and her spouse – occurred primarily in Sonoma County, which she claims further supports venue in this district, and does not favor transfer.

Third, plaintiff asserts that most of the individuals who may provide testimony reside in California.  She has alleged three causes of action in the complaint, and contends that the first cause of action (denial of benefits) will be decided on the administrative record, with no witness testimony required or permitted; and that the second cause of action (breach of fiduciary duty, failure to administer Plan in accordance with applicable law) presents a primarily legal question regarding whether FedEx is required to grant a survivor benefit to a same-sex surviving spouse of a participant who died before the Supreme Court's decision in <u>Windsor</u>, and the only evidence required is likely to be documents.

Plaintiff argues that it is only the third cause of action (breach of fiduciary duty, failure to inform and/or providing misleading communications) that will require witness testimony, to determine whether FedEx misled plaintiff and Taboada-Hall or failed to provide accurate information.  Here, plaintiff asserts, the primary witnesses will be plaintiff herself (living in Sebastopol) and Mr. Saurer (based in Sacramento).  She contends that she and Mr. Saurer can be expected to testify about their conversations regarding Taboada-Hall's pension and other employee benefits.

Fourth, plaintiff argues that the relevant evidence is easily accessed in California. She notes defendants' assertion that all documents relating to the decision to deny her claim for benefits are in Illinois, with copies in Tennessee, but contends that the universe of relevant documents is relatively small – a few thousand pages at most – and that they will have to be produced to plaintiff in California in any event (as they constitute the administrative record), regardless of whether or not the case is transferred.  She also

United States District Court
Northern District of California

1   asserts that the reality of electronic communications and transmission at least dilutes the

2   weight given to this part of the convenience analysis, and asserts that any difficulties in

3   accessing the evidence must be more significant than those that can be overcome by the

4   availability of electronic data transfer.  She argues that this factor does not favor transfer.

5          Fifth, plaintiff asserts that California has a strong interest in this controversy, given

6   the contacts between California and the claims asserted – and the connections of plaintiff

7   and Taboada-Hall to California.  Thus, she asserts, this factor does not favor transfer.

8          Sixth, with regard to relative congestion, plaintiff argues that the number of

9   pending cases is not the most important statistic, and that determinative factor in the

10  inquiry is the difference between the two jurisdictions' "median time from filing to

11  disposition or trial."  She claims that in that regard, the Northern District is less congested

12  than the Western District of Tennessee, although the differences between the two are not

13  "stark," and thus of little import in the analysis.

14         The court finds that on balance, the relevant factors do not favor transfer.  First, it

15  is true that venue and jurisdiction are proper in the Western District of Tennessee.  Thus,

16  the case "could have been brought" in that district.  However, plaintiff is also correct that

17  ERISA contains a venue provision that is broader than the general venue statute.  See 29

18  U.S.C. § 1132(e)(2).  With this provision, "Congress intended to give ERISA plaintiffs an

19  expansive range of venue locations."  Bohara v. Backus Hosp. Med. Benefit Plan, 390

20  F.Supp.2d 957, 960 (C.D. Cal. 2005) (citing Varsic v. U.S. District Court for the Central

21  District of California, 607 F.2d 245, 248 (9th Cir. 1979)).

22         Under the ERISA venue provision, venue is proper where the plan is administered,

23  where the alleged breach took place, or where the defendant "resides" or "may be found."

24  29 U.S.C. § 1132(e)(2).  ERISA also provides for nationwide service of process.  Id.  This

25  means that service on a defendant in an ERISA case anywhere in the United States is

26  sufficient to establish personal jurisdiction, and there is no need to engage in the

27  "minimum contacts" analysis.  See Cripps v. Life Ins. Co. of N. Am., 980 F.2d 12161,

28                                              9

1267 (9th Cir. 1992).

While the  service-of-process provision does not control venue, the same test for corporate "residence" under the general venue statute applies to the ERISA venue statute; that is, a corporate defendant is deemed to "reside" (in any judicial district in which it is subject to personal jurisdiction. <u>See</u> Schwarzer, Tashima & Wagstaffe, <u>Federal Civil Procedure Before </u>Trial (2015 ed) §§ 4:465, et seq.  Similarly, a defendant "may be found" in any judicial district where the defendant has sufficient "minimum contacts" to support personal jurisdiction. <u>See id.</u> at § 4:468.  Thus, venue is also proper in this district.

As for the relevant factors, the court finds, first, that plaintiff's choice of forum weighs strongly against transfer.  A plaintiff's choice of forum "is entitled to greater deference when the plaintiff has chosen to file suit in his/her home forum. <u>Piper Aircraft</u>, 454 U.S. at 255.  Moreover, courts give significant deference to the plaintiff's choice of forum in ERISA cases. <u>Jacobson v. Hughes Aircraft Co.</u>, 105 F.3d 1288, 1302 (9th Cir.) <u>opinion amended on other grounds on denial of reh'g</u>, 128 F.3d 1305 (9th Cir. 1997) and <u>rev'd on other grounds</u>, 525 U.S. 432 (1999).  Plaintiff resides in this district, any pension benefits were earned here, the claim for benefits arose here and was filed here, and plaintiff would have received any benefits here.  Thus, plaintiff has significant ties to this forum. <u>See</u> <u>Brown v. Sun Trust Banks, Inc.</u>, 66 F.Supp. 3d 81, 84-85 (D.D.C. 2014).

The Plan is administered in Illinois, and any alleged breaches arguably occurred in the place of administration.  However, defendants have not provided any persuasive reason for the court to entirely disregard plaintiff's choice of forum and to transfer this case to the Western District of Tennessee. <u>See</u> <u>Commodity Futures Trading Comm'n</u>, 611 F.2d at 278-79 ("[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum").  Defendants' primary argument appears to be that the Western District of Tennessee is a preferred forum because FedEx is headquartered in Memphis.

10

Second, with regard to the convenience of parties and witnesses, this factor does not strongly favor either side. The convenience of witnesses is generally considered "the most important factor in passing on a transfer motion." Los Angeles Mem'l Coliseum Comm'n v. NFL, 89 F.R.D. 497, 501 (C.D. Cal. 1981). Of particular importance is the convenience of non-party witnesses and their relative importance in the case. Saleh v. Titan Corp., 361 F.Supp.2d 1152, 1160-61 (S.D. Cal. 2005). Neither side has clearly identified any non-party witnesses. Plaintiff and Mr. Saurer (whom defendants claim is employed by Federal Express Corporation, not named as a defendant herein) are both located in California, and defendants and their witnesses (unidentified except for three individual members of the RAC) are located either in Tennessee or Mississippi (or possibly Illinois). Defendants have not shown that it will be more inconvenient for any of their witnesses to travel to California than it would be for plaintiff and Mr. Saurer to travel to Tennessee.

Third, with regard to ease of access to evidence, this factor also does not strongly favor either side. While it is true that documents relating to the evaluation and denial of plaintiff's claim are located in Illinois and/or Tennessee, defendants are in any event required to produce those documents to plaintiff, who is located here, and in addition, defendants have not identified any other relevant documents apart from those that would be part of the administrative record. "With technological advances in document storage and retrieval, transporting documents does not generally create a burden." David v. Alphin, 2007 WL 39400, at *3 (N.D. Cal. Jan. 4, 2007).

Fourth, with regard to the familiarity of each forum with the applicable law, this factor does not favor either side. The complaint asserts three causes of action under ERISA. The court presumes that all federal courts have equal familiarity with the governing law.

Fifth, with regard to the local interest in the controversy, this factor favors plaintiff. She is a long-time resident of this judicial district, and was married here to the Plan

11

participant.  California has an interest in ensuring that its citizens receive any benefits to which they are entitled.  The Plan is administered in Illinois, and FedEx's corporate headquarters is located in Tennessee.  Defendants assert that the fact that "the majority of witnesses and evidence, plus a majority of the parties are located in [the Western District of Tennessee] means that that district has "a strong local interest in the case." The court does not agree.  Defendants' interest appears to be connected to their decision to deny payment of survivor benefits to spouses in same-sex marriages, which is not an interest that is specifically tied to Tennessee.

Sixth, with regard to the relative congestion and time to trial in each forum, this is a relatively insignificant factor, which is neutral in this case, as the statistics cited by the parties do not show a strong disparity between the two jurisdictions.

## CONCLUSION

Having considered the relevant factors regarding the convenience of the parties and witnesses and the interests of justice, the court finds that defendants have not met their high burden of showing that a transfer of venue to the Western District of Tennessee is warranted.  Accordingly, the motion is DENIED.

The date for the hearing on the motion, previously set for July 29, 2015, is VACATED.

**IT IS SO ORDERED.**

Dated:  July 22, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge

United States District Court
Northern District of California

12