EMILY C. PERA, Bar No. 290445
**FEDERAL EXPRESS CORPORATION**
2601 Main Street, Suite 340
Irvine, California 92614
Telephone:  949-862-4585
Facsimile:  949-862-4605
Email:  emily.pera@fedex.com

SANDRA C. ISOM, Bar No. 157374
**FEDERAL EXPRESS CORPORATION**
3620 Hacks Cross Rd., Bldg. B – 3d Floor
Memphis, Tennessee 38125
Telephone:  901-434-8526
Facsimile:  901-434-9271
Email:  scisom@fedex.com

Attorneys for Defendants
FEDEX CORPORATION, FEDEX CORPORATION
EMPLOYEES' PENSION PLAN, and FEDEX
CORPORATION RETIREMENT APPEALS
COMMITTEE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| STACEY SCHUETT, | CASE NO. 4:15-CV-00189-PJH |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| vs. | |
| FEDEX CORPORATION, FEDEX CORPORATION EMPLOYEES' PENSION PLAN, and FEDEX CORPORATION RETIREMENT APPEALS COMMITTEE, | Date:     October 7, 2015<br>Time:     9:00 a.m.<br>Place:    Courtroom 3 |
| Defendants. | Complaint Filed: January 14, 2015<br>Trial Date:      August 8, 2016 |

1   TO PLAINTIFF STACEY SCHUETT AND HER ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that on October 7, 2015, at 9:00 a.m. in Courtroom 3 of the above-

3   captioned court located at 1301 Clay Street, Oakland, California, before the Honorable Phyllis J.

4   Hamilton, Chief District Judge, Defendants FedEx Corporation, FedEx Corporation Employees'

5   Pension Plan, and FedEx Corporation Retirement Appeals Committee will move the court for

6   judgment on the pleadings in favor of Defendants.

7       PLEASE TAKE FURTHER NOTICE that Defendants will and hereby do move this Court,

8   under Local Rule 7-2 for an order dismissing the complaint because the facts alleged in the

9   complaint, taken as true for purposes of this motion only, do not entitle Plaintiff to a legal remedy.

10      This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and

11  Authorities, the Declaration of Robin Marsh, and all exhibits filed concurrently herewith, on all of

12  the pleadings and records on file in this matter, of which the court is requested to take judicial notice,

13  and on such other oral and documentary evidence that may be submitted at or before the hearing on

14  this matter.

15

16                              By: */s/ Sandra C. Isom*
                                    Sandra C. Isom
17                                  **FEDERAL EXPRESS CORPORATION**

18                                  Attorney for Defendants
                                    FEDEX CORPORATION, FEDEX CORPORATION
19                                  EMPLOYEES' PENSION PLAN, and FEDEX
                                    CORPORATION RETIREMENT APPEALS
20                                  COMMITTEE

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Points and Authorities…………………………………………………………..3

Statement of the Issue…………………………………………………………...3

Introduction …………………………………………………………………….3

    A.  Fed. R. Civ. Proc. 12(c) Standard…………………………………….4

    B.  Surviving Spouse Benefits (First and Second Claim) Statement of Facts…….5

    C.  Surviving Spouse Benefits (First and Second Claim) Law and Argument…...5

        1.  Abuse of Discretion Standard…………………………………………..6

        2.  Burden of Proof………………………………………………………7

        3.  FedEx RAC Did Not Abuse Its Discretion in Denying Plaintiff Surviving Spouse Benefits……………………………………………7

        4.  Plaintiff and Ms. Taboada-Hall Never Had a Valid Marriage License Under California Law………………………………….………..8

    D.  Non-Spousal Survivor Benefit (Third Claim) Statement of Facts………..….9

    E.  Non-Spousal Survivor Benefit (Third Claim) Law and Argument….……..11

        1.  Plaintiff Cannot State a Viable Claim for Breach of Fiduciary Duty…….11

            a.  Saurer and Unidentified HR Personnel Are Not Plan Fiduciaries…....12

            b.  Plaintiff Does Not Allege a Plan Fiduciary Provided Incorrect or Misleading Information….…………………………………....13

            c.  Plaintiff Has Not Alleged a Fiduciary Breach Based On a Failure to Provide Information……………………………………13

            d.  Plaintiff Cannot Seek Relief Under §1132(a)(3) Because a Remedy for the Alleged Harm is Available Under §1132(c)(1)(b)…..15

            e.  Plaintiff Cannot Plead Entitlement to an Equitable Remedy………...16

            f.  Surcharge is Not an Available Remedy……………………………...17

Conclusion…………………………………………………………………….21

i

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ........................................………...4-5, 8

*Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696 (9th Cir. 1988) .................................... 4

*Barker v. Am. Mobil Power Corp.*, 64 F.3d 1397 (9th Cir. 1995) .................................... 14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ..... 4

*Bowen v. Central States, Southeast and Southwest Areas Health and Welfare Fund,*
    961 F.2d 1576, (6th Cir. 1992)............................................................................7

*Bowerman v.Wal-Mart Stores, Inc.*, 226 F.3d 574 (7th Cir. 2000)…………………….. 14

*Boyd v. Bert Bell/Pete Rozelle NFL Players Retirement Fund,*
    410 F.3d 1173 (9th Cir. 2005)………………………………………..……....6

*Brandon v. Metropolitan Life Ins. Co., 678 F. Supp. 650 (E.D. Mich. 1988)…..…………7*

*Briggs v. Marriott Int'l, Inc., 368 F. Supp.2d 461 (D. Md. 2005)*
    aff'd, 205 Red. Appx. 183 (4th Cir. 2006)…………………………………………7

*Brogan v. Holland, 105 F.3d 158 (4th Cir. 1997)*…………………………………7

*Brooks v. Dunlop Mfg. Inc.*, No. C 10-04341 CRB,
    2011 U.S. Dist. LEXIS 141942, (N.D. Cal. Dec. 9, 2011)…..................................... 4

*Brown v. Validata Computer & Research Corporation*, No. 2:12cv775-SRW,
    2013 U.S. Dist. Lexis 95594 (D. V.I. July 10, 2013) ........................................... 6, 16

*Bush v. Liberty Life Assur. Co.*, No. 14-cv-01507-YGR,
    2015 U.S. Dist. LEXIS 550 (N.D. Cal. Jan. 2, 2015) .................................... 7

*Ceja v. Sletten, Inc.*, 56 Cal. 4th 1113 (2013)....................................................... 9

*Chavez v. United States*, 683 F.3d 1102 (9th Cir. Ariz. 2012) ......................................... 5

*Chojnacki v. GA.-Pac. Corp.*, 108 F.3d 801 (7th Cir. 1997))....................................... 14-15

*CIGNA Corp. v. Amara*, 131 S. Ct. 1866, 179 L. Ed. 2d 843 (2011) ......................... 17-18

*City of Fresno v. United States*, 709 F. Supp. 2d 888 (E.D. Cal. 2010)…………………...5

*Dowden v. Blue Cross & Blue Shield of Texas, Inc.,*
    126 F.3d 641 (5th Cir. 1997)……………………….……………………………7

*Dytrt v. Mountain State Tel. & Tel. Co.*, 921 F.2d 889 (9th Cir. 1990)…………………..6

*Eley v. Boeing Co., 945 F.2d 276 (9th Cir. 1991)*………………………………….....6

*Ellenburg v. Brockway, Inc.*, 763 F.2d 1091 (1985).................................................... 17

ii

1

2

*Elliott v. Sara Lee Corp.* 190 F. 3d 601 (4th Cir. 1999)……………………….............6

*Ellis v. Metropolitan Life Ins. Co.,* 126 F. 3d 228 (4th Cir. 1997)…………………………7

*Estate of DePasse*, 97 Cal. App. 4th 92 (Cal. App. 6th Dist. 2002)
     overruled in part on other grounds, *Ceja v. Sletten, Inc.*, 56 Cal. 4th 1113 (2013) ....... 9

*Farr v. U.S. West Communs., Inc.*, 151 F.3d 908, 915 (9th Cir 1998)…………………...15

*Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989)……………………………..6

*Fleming v. Pickard*, 581 F.3d 922 (9th Cir. 2009)........................................ 4, 7

*Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945 (9th Cir. 2014) ........................ 17-19

*Greany v. W. Farm Bureau Life Ins. Co.*, 973 F.2d 812 (9th Cir. 1992) ..................... 17

*Griggs v. E.I. Dupont De Nemours & Co.*, 237 F.3d 371 (4th Cir. 2001) ........................ 14

*Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013) ................................................. 3

*IT Corp. v. General American Life Ins.*, 107 F.3d 1415 (9th Cir. 1997) ......................... 12

*Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*,
     370 F.3d 869 (9th Cir. 2004)……………………………………………………….6-7

*Kannapien v. Quaker Oats Co.*, 507 F.3d 629 (7th Cir. 2007)........................................ 12

*Kearney v. Standard Ins. Co.*, 175 F.3d 1084 (9th Cir. 1999)…………………………… 6

*Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005))…………………………………………..5

*Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 105 S. Ct. 3085,
     87 L. Ed. 2d 96 (1985) ...................................................................... 16

*Mathews v. Chevron Corp.*, 362 F.3d 1172 (9th Cir. 2004) ............................................. 12

*Maxa v. John Alden life Ins. Co.*, 972 F.2d 980 (8th Cir. 1992)........................................ 15

*McGlinchy v. Shell Chem. Co.*, 679, 845 F.2d 802 (9th Cir.1988)................................... 4

*Mertens v. Hewitt Assocs.*, 508 U.S. 248, 113 S. Ct. 2063,
     124 L. Ed. 2d 161 (1993) .................................................................... 16-17

*Monper v. Boeing Co.*, No. 2:13-cv-01569-RSM,
     2015 U.S. Dist. LEXIS 64818 (W.D. Wash. May 13, 2015) .............................. 13, 15

*Moore v. Kroger Co.*, No. C-13-04171 DMR,
     2014 U.S. Dist. LEXIS 26377 (N.D. Cal. Feb. 28, 2014)……………………………10

*Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009) .................................. ..7

*Peralta v. Hispanic Bus. Inc.*, 419 F.3d 1064 (9th Cir. 2005) ............................................ 19

iii

*Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S. Ct. 1549,
    95 L. Ed. 2d 39 (1987) ................................................................. 16

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984) ............................. 4

*Schmidt v. Sheet Metal Workers' Nat'l Pension Fund*, 128 F.3d 541 (7th Cir. 1997) ...... 13

*Schwarz v. UFCW-Northern Cal., Emplr. Joint Pension Plan*, No. C13-00977 LB,
    2014 U.S. Dist. LEXIS 5985 (N.D. Cal. Jan. 16, 2014) ............................................. 14

*Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co.*,
    32 F.3d 120 (4th Cir. 1994)……………………………………………………..6

*United States v. Windsor*, 133 S.Ct. 2675 (2013) ......................................................... 3, 8

*Van Buskirk v. Cable News Network, Inc.* 284 F.3d 977 (9th Cir. 2002)…………………5

*Watson v. Deaconess Waltham Hospital*, 298 F.3d 102 (1st Cir. 2002)...................... 13-15

*Yeseta v. Baima*, 837 F.2d 380 (9th Cir. 1988) ................................................................ 12

*Zisk v. Gannett Company Income Protection Plan*, No. 14-cv-00391 YGR;
    2014 U.S. Dist. Lexis 157323 .................................................................................... 19

## STATUTES

*Cal. Fam. Code* §§300, 306, 350, 359, 421-23 .................................................................. 9

*Cal. Health & Saf. Code* §103450 ................................................................................ 8- 9

Defense of Marriage Act ("DOMA"), 1 U.S.C. §7 ................................................. 3-5, 8-9

Employee Retirement Income Security Act of 1974 (ERISA). ......................................... 3

29 U.S.C. §1002(21)(A)(i), (iii)……………………………………………………………12

29 U.S.C. §1102(a)(1)………………………………………………………………....12

29 U.S.C. §1132(a)(1)(B) ................................................................................................. 18

29 U.S.C. §1132(a)(3)..............................................................................6, 11-12, 14, 16-19

29 U.S.C. §1132(c)(1)(b) .................................................................................................. 16

ERISA §1321(c)(1)(b) ...................................................................................................... 12

## RULES

Fed. R. Civ. Proc.12(b)(6)……......……………………………………………………..... 4

Fed. R. Civ. Proc. 12(c)……. ..................................................................................... 4, 10

1

**OTHER AUTHORITIES**

2    Restatement (Second) Trusts § 205 (1959))…………………………………………..18

3    Restatement (Third) Trusts § 100(a) (2012)…………………………………………..18

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION & MEMO IN SUPPORT OF DEFENDANTS'**
**MOTION FOR JUDGMENT ON THE PLEADINGS-CASE NO. 4:15-CV-00189-PJH**

**POINTS AND AUTHORITIES**

Defendants, by and through its attorneys, move for judgment on the pleadings. Defendants respectfully request this Court enter an Order dismissing the case.

**STATEMENT OF THE ISSUE**

Whether this matter should be dismissed because the facts alleged in the complaint, taken as true for purposes of this motion only, do not entitle Plaintiff to a legal remedy?

**INTRODUCTION**

This case arises out of the denial of survivor spouse benefits to Ms. Stacey Schuett ("Schuett" or "Plaintiff"), the same-sex partner of a pension plan participant employed by Federal Express Corporation (FedEx Express), Ms. Lesly Taboada-Hall (Complaint, Dkt. 3 ("Cplt.") ¶1). Defendant FedEx Corporation ("FedEx Corp") is the plan administrator and fiduciary of Defendant FedEx Corporation Employees' Pension Plan, a defined Traditional Pension Benefit Plan ("TPB Plan" or "the Plan"), governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Cplt. ¶¶7, 9. Defendant FedEx Retirement Appeals Committee ("FedEx RAC") is responsible for interpreting the TPB Plan and deciding appeals of benefit denials (Cplt. ¶¶10-11). (Defendants are collectively referred to as "FedEx".) Plans governed by ERISA must be interpreted in accord with the unambiguous terms of the Plan, or a breach of fiduciary duty may arise. Exceptions to unambiguous Plan terms are not allowed for any reason.

A crucial focus of this ERISA case is the timing of Ms. Taboada-Hall's death. She passed away six days before the Supreme Court struck down Section 3 of the Defense of Marriage Act ("DOMA"), 1 U.S.C §7, as unconstitutional and allowed same-sex marriages to resume in California. *United States v. Windsor*, 133 S.Ct. 2675 (2013); *Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013) (Cplt. ¶¶36-37). At the time of Ms. Taboada-Hall's death, the Plan defined "Spouse" by explicitly and unambiguously incorporating DOMA's definition as the union between one man and one woman (Cplt. ¶¶2, 21). Although Ms. Schuett and Ms. Taboada-Hall had a wedding ceremony performed in their home the day before she passed away, same-sex marriage was not legal in California at that time (Cplt. ¶¶26, 36, 37).

1    Because Ms. Taboada-Hall passed away before DOMA was declared unconstitutional and

2    before same sex marriage was legally recognized in California, Ms. Schuett is not entitled to the

3    TPB Plan benefits as a surviving spouse.

4    **A. Fed. R. Civ. Proc. 12(c) Standard**

5    FedEx moves for judgment on the pleadings under Fed. R. Civ. Proc. 12(c) because the facts

6    alleged in the complaint, taken as true for purposes of this motion only, do not entitle Plaintiff to a

7    legal remedy. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). After the pleadings are closed

8    but early enough not to delay trial, a party may move for judgment. Judgment on the pleadings is

9    properly granted when, accepting all factual allegations in the complaint as true, there is no issue of

10   material fact in dispute, and the moving party is entitled to judgment as a matter of law. *Id.* Analysis

11   under Rule 12(c) is "substantially identical" to analysis under Rule 12(b)(6) because, under both

12   rules, "a court must determine whether the facts alleged in the complaint, taken as true, entitle the

13   plaintiff to a legal remedy." *Brooks v. Dunlop Mfg. Inc.*, No. C 10-04341 CRB, 2011 U.S. Dist.

14   LEXIS 141942, 2011 WL 6140912, at *3 (N.D. Cal. Dec. 9, 2011).

15   A motion to dismiss under Rule 12(b)(6) may be based on either the lack of a cognizable

16   legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri*

17   *v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds,*

18   *Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). The court must assess whether the complaint "contain[s]

19   sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

20   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570,

21   127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

22   The court discounts conclusory statements, which are not entitled to the presumption of truth,

23   before determining whether a claim is plausible. *Iqbal*, 556 U.S. at 678. *See McGlinchy v. Shell*

24   *Chem. Co.*, 845 F.2d 802, 810 (9th Cir.1988). A claim has facial plausibility when the plaintiff

25   pleads factual content that allows the court to draw the reasonable inference that the defendant is

26   liable for the misconduct alleged. *Id.* "Determining whether a complaint states a plausible claim for

27   relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial

28

1   experience and common sense." *Iqbal,* 556 U.S. at 679. *Chavez v. United States*, 683 F.3d 1102,

2   1108-1109 (9th Cir. Ariz. 2012)

3       Here, Plaintiff lacks sufficient facts and a cognizable legal theory to avoid dismissal on the

4   pleadings.

5   **B. Surviving Spouse Benefits (First and Second Claim) Statement of Facts**

6       Plaintiff alleges the TPB Plan requires payment of a joint and survivor annuity to the

7   surviving spouse of a fully vested Plan participant who dies before retiring (Cplt. ¶19). The TPB

8   Plan defines "Spouse" to "have the same meaning as set forth in DOMA (a person of the opposite

9   sex who is a husband or wife) (Cplt. ¶21).

10      Ms. Taboada-Hall passed away on June 20, 2013, which is the operative date for determining

11  entitlement to survivor benefits under the TPB (Declaration of Robin Marsh ("Marsh Dec.", ¶3, Exh.

12  A).[1] Schuett subsequently applied for surviving spouse benefits (Cplt. ¶40). Her request was denied

13  because on the date of Ms. Taboada-Hall's death, the definition of "Spouse" excluded same sex

14  marriage partners, such as Ms. Schuett (Cplt. ¶42). Schuett appealed the denial of her claim (Cplt.

15  ¶43). Defendant FedEx RAC denied Ms. Schuett's appeal, stating, *inter alia*, "for purposes of the

16  Plan the Committee determined that Ms. Taboada-Hall was unmarried at the time of her death, and

17  had no surviving Spouse" (Cplt. ¶45).

18  **C. Surviving Spouse Benefits (First and Second Claim) Law and Argument**

19      Plaintiff's first claim for relief is for wrongful denial of pension benefits in violation of 29

20  U.S.C. §1132(a)(1)(B), which authorizes civil actions by a participant or beneficiary to recover

21  benefits due to her under the terms of the plan, to enforce her rights under the terms of the plan, or to

22  clarify her rights to future benefits under the terms of the plan. *Id.* Her second claim for relief is a

23

_____

24  [1] Plaintiff's Complaint did not have the Plan attached as Exhibit A as it alleges (Cplt. ¶11). All
    documents referenced in the Complaint can be attached to a motion for judgment on the pleadings
25  without converting it into a motion for summary judgment *See City of Fresno v. United States*, 709
    F. Supp. 2d 888, 912 n.21 (E.D. Cal. 2010) and *Van Buskirk v. Cable News Network, Inc.,* 284 F.3d
26  977, 980 (9th Cir. 2002). (The incorporation by reference doctrine allows the court to consider any
    exhibits attached to the complaint as well as any documents whose contents are alleged in a
27  complaint and whose authenticity no party questions, but which are not physically attached. *Id.*
    (citing *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005)).
28

5

breach of fiduciary duty for failure to administer the Plan under applicable law, in violation of 29 U.S.C. §1132(a)(3). Plaintiff seeks the same remedy for both claims: a surviving spouse benefit (Cplt. ¶¶53, 57). Because she has an adequate remedy to address her alleged injury under §1132(a)(1)(B), however, she may not maintain a breach of fiduciary duty under the "catch-all" provision in §1132(a)(3). *See Brown v. Validata Computer & Research Corporation*, No. 2:12cv775-SRW, 2013 U.S. Dist. Lexis 95594, *13-14 (July 8, 2013).

### 1. Abuse of Discretion Standard

A denial of benefits challenged under 29 U.S.C. §1132(a)(1)(B) is to be reviewed only for an abuse of discretion if the benefit plan gives the administrator or fiduciary discretionary authority to interpret the terms of the plan or determine eligibility of benefits. *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084 (9th Cir. 1999) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Section 7.02 of the Plan grants FedEx RAC discretionary authority to interpret the TPB Plan and determine eligibility. (Cplt. ¶10; Marsh Dec. ¶4, Exh. B)

The Ninth Circuit has noted that in the context of ERISA claims the abuse of discretion standard is the same as the "arbitrary and capricious" standard of review. *Dytrt v. Mountain State Tel. & Tel. Co.*, 921 F.2d 889 (9th Cir. 1990). A court may not substitute its own judgment for that of the administrator unless the administrator's decision was clearly erroneous, or the administrator rendered its decision without any explanation, or construed provisions of the plan in a way that conflicts with the plain language of the plan. *Eley v. Boeing Co.*, 945 F.2d 276, 279 (9th Cir. 1991); *See also Boyd v. Bert Bell/Pete Rozelle NFL Players Retirement Fund,* 410 F.3d 1173 (9th Cir. 2005).

Other circuits have described the standard in the same manner. A federal court's ability to review an administrator's decision is severely limited where the administrator has discretion to determine the eligibility to construe the terms of the plan, and the administrator can only be reversed upon a finding of abuse of discretion. *Elliott v. Sara Lee Corp.,* 190 F. 3d 601, 605 (4th Cir. 1999). In this circumstance the Court must apply a deferential standard, and the administrator's decision will not be disturbed if it is reasonable, even if the reviewing court would have come to a different conclusion independently. *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869

(9th Cir. 2004); *Ellis v. Metropolitan Life Ins. Co.,* 126 F. 3d 228, 232 (4th Cir. 1997); *Brogan v. Holland,* 105 F.3d 158, 161 (4th Cir. 1997). The decision is reasonable if it is "the result of a deliberate, principled reasoning process supported by substantial evidence. *Id. See also Briggs v. Marriott Int'l, Inc.*, 368 F. Supp.2d 461 (D. Md. 2005), aff'd, 205 Fed. Appx. 183 (4th Cir. 2006).

When reviewing a denial of benefits under ERISA, the reasonableness of a plan administrator's decision is "based on the facts known to [the administrator] at the time" the administrator made the decision. *Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co.*, 32 F.3d 120, 125 (4th Cir. 1994). On a motion to dismiss, however, the decision must be based on the pleadings. *Fleming*, 581 F.3d at 925.

**2. Burden of Proof**

The Plaintiff bears the burden of proof to show that the decision of the reviewing committee was an abuse of discretion. *See Dowden v. Blue Cross & Blue Shield of Texas, Inc.*, 126 F.3d 641, 644 (5th Cir. 1997); *Brandon v. Metropolitan Life Ins. Co.,* 678 F. Supp. 650, 654 (E.D. Mich. 1988); *Bowen v. Central States, Southeast and Southwest Areas Health and Welfare Fund*, 961 F.2d 1576 (6th Cir. 1992).

For Plaintiff's claim to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must plausibly suggest FedEx RAC abused its discretion. *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). *Bush v. Liberty Life Assur. Co.*, No. 14-cv-01507-YGR, 2015 U.S. Dist. LEXIS 550, *6-7 (N.D. Cal. Jan. 2, 2015)

**3. FedEx RAC Did Not Abuse Its Discretion In Denying Plaintiff Surviving Spouse Benefits.**

Defendant FedEx RAC denied Ms. Schuett's appeal of the denial of her benefits because "for purposes of the Plan the Committee determined that Ms. Taboada-Hall was unmarried at the time of her death, and had no surviving Spouse" (Cplt ¶45). FedEx RAC did not abuse its discretion in interpreting the terms of the Plan that were in effect the day Ms. Taboada-Hall died, because the Plan's definition of "Spouse" had not yet been declared unconstitutional. FedEx RAC's interpretation was consistent with existing law.

1    Plaintiff argues that because the Plan defined "Spouse" in accordance with DOMA, which is

2    now unconstitutional, Defendants are not permitted to exclude same-sex spouses (Cplt. ¶¶51-52).

3    The problem with Plaintiff's argument, however, is the timing of Ms. Taboada-Hall's death, and the

4    fact that their marriage was invalid under California law. The Plan's definition of "Spouse" was

5    declared unconstitutional **after** Ms. Taboada-Hall died (Cplt. ¶¶36-37). Plaintiff's claim for

6    surviving spouse benefits is not based on the date she made the claim (Cplt. ¶53); but rather the **date**

7    **of death**, as required by the terms of the Plan (Marsh Dec. ¶3, Exh. A).[2]

8    In addition, Plaintiff cannot show that she had a valid marriage under California law at the

9    time of Ms. Taboada-Hall's death.

10   **4. Plaintiff and Ms. Taboada-Hall Never Had a Valid Marriage License**
11   **Under California Law.**

12   Plaintiff alleges that after Ms. Taboada-Hall died, Plaintiff obtained an order from the

13   Sonoma County Superior Court stating the couple's marriage was legally valid as of the day their

14   wedding ceremony was performed (Cplt. ¶38). The court need not accept this allegation because it is

15   a mere conclusion and clear error of law. *See Iqbal*, 556 U.S. at 678 (the court discounts conclusory

16   statements, which are not entitled to the presumption of truth). The superior court's order was issued

17   under a statute that serves only to formally recognize a marriage that is already legally valid under

18   state law at the time the ceremony was performed. *See* Cal. Health & Saf. Code §103450. As set

19   forth in detail below, Plaintiff's marriage to Ms. Taboada-Hall was not valid because California did

20   not recognize same sex marriage at the time of the ceremony.

21   Before California will recognize the validity of a marriage, a couple is required to consent,[3]

22   obtain a marriage license, solemnize the marriage before a person who ensures the parties have

23   obtained a license, and return a certificate of registry to the county clerk for filing. *See* Cal. Fam.

24   Code §§300, 306, 350, 359, 421-23; *Estate of DePasse*, 97 Cal. App. 4th 92, 99-101, 103 (Cal. App.

25   _____
     [2] The TPB Plan was amended effective June 26, 2013, the date *Windsor* was decided, to include any
26   individuals lawfully married under state law, including same-sex couples (Cplt. ¶39; Marsh Dec. ¶5,
     Exh. C).[2]

27   [3] FedEx disputes Ms. Taboada-Hall's ability to consent to marriage the day before she passed away,
28   but for purposes of this motion, Defendants accept that she gave consent.

---

**NOTICE OF MOTION & MEMO IN SUPPORT OF DEFENDANTS'**
**MOTION FOR JUDGMENT ON THE PLEADINGS-CASE NO. 4:15-CV-00189-PJH**

1    6th Dist. 2002) overruled in part on other grounds, *Ceja v. Sletten, Inc.*, 56 Cal. 4th 1113 (2013) (a

2    license is a mandatory requirement for a valid marriage in California). Here, Plaintiff did not obtain

3    a marriage license or return a certificate of registry for filing with the court clerk, and therefore, her

4    marriage was not valid.

5    Since Plaintiff did not have a valid marriage under California law, the order from the

6    Superior Court under §103450 could not, and did not, validate her marriage. *Id.* Cal. Health & Saf.

7    Code §103450 is used where records of a marriage have been lost or destroyed and only for the

8    purpose of curing the failure to register the marriage, not the failure to obtain a license. *See Estate of*

9    *DePasse* 97 Cal.App.4th at 105 ("specifically holding that the fact of marriage doesn't cure the

10   failure to obtain a marriage license"). The purpose of the proceeding is to establish a record of the

11   marriage, not its validity. *Id.*

12   An order establishing the fact of marriage pursuant to §103450 is merely a statistical record

13   acknowledging the late registration of marriage. It is not presumptive or conclusive proof of the fact

14   of the marriage and has no evidentiary weight whatsoever. In other words, **if there was no license in**

15   **the first place, there was no valid marriage to register.** *Id.* Because same-sex marriage was not

16   recognized in California when the wedding ceremony was performed, Plaintiff did not (and legally

17   could not) obtain a marriage license, and therefore, she did not meet the requirements for a valid

18   marriage under California law (Cplt. ¶¶26, 36, 37).[4] Even if the order validated the marriage as of

19   the date of the ceremony, DOMA was in effect and the Plan did not recognize same-sex marriages.

20   Under those circumstances, it is clear that FedEx RAC did not abuse its discretion or act

21   arbitrarily or capriciously in denying the surviving spouse benefit to Plaintiff.

22   **D. Non-Spousal Survivor Benefit (Third Claim) Statement Of Facts**

23   Plaintiff alleges that in February 2013, Ms. Taboada-Hall spoke with Harry Saurer about her

24   medical leave and employee benefits (Cplt. ¶29). Harry Saurer is a Human Capital Management

25

26

27   [4] Schuett and Taboada-Hall did not take advantage of the opportunity to marry under California law
     when same-sex marriage was legal for several months in 2008 (Cplt. ¶26).

28

9

1    Program (HCMP) Advisor employed by FedEx Express (Defendants' Answers, Dkt. 12-14, ¶29)[5]

2    An HCMP Advisor provides employees guidance and assistance regarding the FedEx Express

3    medical leave of absence policies. He is not a plan administrator, fiduciary, and has no

4    responsibilities or authority related to pension plan benefits (*Id.*).

5           Plaintiff alleges that Ms. Taboada-Hall was eligible for early retirement under the Plan, but in

6    February 2013 Saurer told her not to retire from FedEx, as that would result in her having to spend

7    more money for her medical benefits (*Id.*). In addition, Ms. Taboada-Hall still hoped that she would

8    recover and be able to return to work (*Id.*). Plaintiff alleges Ms. Taboada-Hall asked about her other

9    benefits from FedEx, including her life insurance and 401(k) plan, and was told to make sure to list

10   Ms. Schuett as her sole beneficiary for these plans (*Id*). Plaintiff alleges Ms. Taboada-Hall also

11   asked whether her "defined benefit" under the Plan could "pass to her partner" if she passed away,

12   but Saurer did not know, and told her to "ask someone else" (*Id.*).

13          On June 3, 2013, Ms. Taboada-Hall's doctor told the couple that her cancer was terminal and

14   there was nothing more to be done (Cplt. ¶30). After receiving this news, the family started

15   preparing for Ms. Taboada-Hall's death. *Id.* Plaintiff alleges Ms. Taboada-Hall and Ms. Schuett

16   again reviewed Ms. Taboada-Hall's benefits from FedEx. *Id.* In preparing for Ms. Taboada-Hall's

17   imminent death, Ms. Taboada-Hall and Ms. Schuett reviewed what pension benefits they would have

18   under the Plan (Cplt. ¶32).

19          Plaintiff alleges that on June 7, 2013, Ms. Taboada-Hall and Ms. Schuett learned for the first

20   time that it did not appear that the Plan would provide survivor benefits under the TPB Plan for

21   Registered Domestic Partners (Cplt. ¶33). They were allegedly surprised the TPB Plan defined

22   "Spouse" as being limited to opposite-sex spouses *Id.*

23          Plaintiff alleges she and Ms. Taboada-Hall then called FedEx to determine whether Ms.

24   Schuett would receive a surviving spouse benefit when Ms. Taboada-Hall passed away (Cplt. ¶34).

25   Plaintiff alleges that between June 7, 2013 and June 13, 2013, they had several phone conversations

26   _____

27   [5] On a Rule 12(c) motion, the court considers the complaint, the answer, any written documents
     attached to them, and any matter of which the court can take judicial notice for the factual
     background of the case." *Moore v. Kroger Co.*, No. C-13-04171 DMR, 2014 U.S. Dist. LEXIS

28   26377, *6 (N.D. Cal. Feb. 28, 2014).

10

1  with various FedEx human resources personnel ("HR Personnel"), none of whom knew the answer.

2  (*Id*). On or about June 13, 2013, the couple was told by a FedEx representative that Ms. Schuett

3  would not get the benefit. *Id.*

4  **E. Non-Spousal Survivor Benefit (Third Claim) Law and Argument**

5         Plaintiff's third claim is alleged against Defendant FedEx Corp for failure to inform and/or

6  for providing misleading communications. Plaintiff asserts this claim alternatively under 29 U.S.C.

7  §1132(a)(3) for breach of fiduciary duty. If her claim for surviving spouse benefits fails, she seeks an

8  equitable remedy to obtain a non-spousal survivor benefit, which pays less than surviving spouse

9  benefits (Cplt. ¶64). However, when an unmarried participant dies before retiring, the TPB Plan does

10  not provide any survivor benefit (Cplt. ¶20)

11         Plaintiff alleges FedEx Corp breached its fiduciary duty to Ms. Schuett by failing to provide

12  an answer to her and Ms. Taboada-Hall in response to Ms. Taboada-Hall's telephone inquiry in

13  February 2013[6] as to whether Ms. Schuett would receive a survivor benefit under the TPB Plan

14  (Cplt. ¶61). Plaintiff also alleges various unidentified HR Personnel failed to provide an answer in

15  response to Ms. Taboada-Hall's and Ms. Schuett's multiple telephone inquiries in June 2013 as to

16  whether Ms. Schuett would receive a survivor benefit under the TPB Plan, and did not provide an

17  answer until approximately one week before Ms. Taboada-Hall passed away (Cplt. ¶62).

18         In sum, Plaintiff alleges FedEx Corp breached its fiduciary duty by not informing Ms.

19  Taboada-Hall and Ms. Schuett prior to Ms. Taboada-Hall's death that the only circumstance in

20  which FedEx would deem Ms. Schuett eligible to receive a survivor benefit under the TPB Plan was

21  if Ms. Taboada-Hall retired before passing away (Cplt. ¶¶63, 65). Ms. Taboada-Hall passed away

22  before she retired.

23         **1. Plaintiff Cannot State a Viable Claim for Breach of Fiduciary Duty**

24         A breach of fiduciary duty is not a viable claim based on Plaintiff's allegations because

25  Plaintiff has not alleged that a Plan fiduciary gave misleading or inaccurate information (*See*

26  *generally*, Cplt.). Regardless of Plaintiff's allegations of misinformation, Plaintiff admits she and

27
28
    [6] FedEx Corp understands this inquiry to be the alleged telephone conversation with Harry Saurer
(Cplt. 29).

11

1    Ms. Taboada-Hall reviewed information and determined Plaintiff would not receive the surviving

2    spouse benefit, which they confirmed via discussion with a representative (Cplt. ¶¶32-34). Thus, any

3    mistakes or failures by Saurer or HR Personnel were harmless. Further, a mere failure to respond to

4    a request for Plan information during a short period of time, as alleged by Plaintiff, is not a breach of

5    fiduciary duty. Additionally, ERISA § 1321(c)(1)(b) already provides a remedy for failing to provide

6    Plan documents, thus precluding a breach of fiduciary duty for the same alleged injury. Thus, as

7    demonstrated in detail below, Plaintiff's third claim for breach of fiduciary duty fails to allege

8    sufficient facts to withstand dismissal.

9                          **a. Saurer and Unidentified HR Personnel Are Not Plan Fiduciaries.**

10             To prevail on a claim for equitable relief under ERISA §1132(a)(3), a plaintiff must show

11   that the defendant is an ERISA fiduciary acting in its fiduciary capacity and that the defendant

12   violated an ERISA-imposed fiduciary obligation. *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1178

13   (9th Cir. 2004). The determination of fiduciary status is a threshold issue for a §1132(a)(3) claim and

14   is to be determined by the Court as a matter of law. *Id.* ERISA treats as a fiduciary those explicitly

15   named as such in a plan, 29 U.S.C. § 1102(a)(1), as well as those who perform certain fiduciary

16   functions regardless of official designation. A person is treated as a "functional fiduciary" under

17   ERISA if "he exercises any discretionary authority or discretionary control respecting management

18   of such plan...or disposition of its assets" or if he has any discretionary authority or discretionary

19   responsibility in the administration of such plan. *See* 29 U.S.C. § 1002(21)(A)(i), (iii). While the

20   definition of a functional fiduciary under § 1002(21) is "broad," it is not without limit, hinging on

21   the exercise of discretionary control. *Yeseta v. Baima*, 837 F.2d 380, 385 (9th Cir. 1988).

22             Under Ninth Circuit law, the performance of ministerial functions is distinguishable from the

23   discretion to interpret provisions of the plan documents and to make final decisions, which is

24   requisite to qualify as a functional ERISA fiduciary. *IT Corp. v. General American Life Ins.*, 107

25   F.3d 1415, 1420 (9th Cir. 1997)). A ministerial employee cannot unintentionally transform herself

26   into a plan fiduciary merely by communicating about plan benefits. *See, e.g.*, *Kannapien v. Quaker*

27   *Oats Co.*, 507 F.3d 629, 639 (7th Cir. 2007) (holding that neither plan manager nor human resources

28   manager acted as plan fiduciary in discussing early retirement benefits with employees); *Schmidt v.*

1  *Sheet Metal Workers' Nat'l Pension Fund*, 128 F.3d 541, 547 (7th Cir. 1997) (opining that benefits

2  analyst did not act as functional plan fiduciary in advising pension plan participants how to designate

3  beneficiary). *Monper v. Boeing Co.*, No. 2:13-cv-01569-RSM, 2015 U.S. Dist. LEXIS 64818, *19

4  (W.D. Wash. May 13, 2015).

5         Saurer, an HCMP Advisor is not a functional fiduciary of the TBP Plan because he is not

6  employed by the Defendants and has no discretion or authority with respect to the Plan. He was

7  merely advising an employee regarding the effect of her retirement on her *health* benefits. *See  Id., a*t

8  *14-16. Plaintiff does not allege Saurer or the unidentified HR Personnel are Plan fiduciaries and the

9  case law makes clear that they are not.

### b. Plaintiff Does Not Allege a Plan Fiduciary Provided Incorrect or Misleading Information.

12         Plaintiff alleges Saurer instructed Ms. Taboada-Hall not to retire because it would increase

13  the cost of her medical care[7] (Cplt. ¶29). Plaintiff does not allege Saurer's statement is false or

14  misleading. Indeed, Saurer's statement that the cost of Ms. Taboada-Hall's medical care would

15  increase was accurate. At most, Saurer's statement was merely accurate advice borne out of concern

16  for Ms. Taboada-Hall. Notably, in response to her inquiry about whether her pension benefit would

17  pass to Ms. Schuett as a surviving spouse, Saurer responded he did not know and she would need to

18  ask someone else (*Id.*). This statement was not false or misleading. Saurer has no authority or duties

19  related to the pension plan and did not know the answer to her question (*Id.*).

### c. Plaintiff Has Not Alleged A Fiduciary Breach Based On A Failure to Provide Information.

22         When ERISA provides a remedy for a specified duty, courts will impose further duties only

23  in vary narrow circumstances. See *Watson v. Deaconess Waltham Hospital*, 298 F.3d 102, 104 (1st

24  Cir. 2002); *Schwarz v. UFCW-Northern Cal., Emplr. Joint Pension Plan*, No. C13-00977 LB, 2014

25  U.S. Dist. LEXIS 5985, *34 (N.D. Cal. Jan. 16, 2014) (citing *Watson* regarding exercising caution in

26  creating additional notice requirements). Watson sued his employer's long-term disability ("LTD")

27  plan for breach of fiduciary duty under §1132(a)(3), claiming that because he was not notified of his

28  ---

[7] In addition, Ms. Taboada-Hall's long-term disability benefits would cease upon her retirement.

1    eligibility for LTD benefits, he did not apply for it and chose to reduce his work hours, not knowing

2    his decision would end his eligibility for LTD coverage. *Id.* at 104. Because the failure to notify

3    Watson that he was eligible for LTD benefits is remedied specifically by 1132(a)(1), (c)(1)(B),

4    exceptional circumstances need to exist to create other substantive remedies. *Watson*, 298 F.3d at

5    113. On summary judgment, the court found no bad faith, active concealment, or fraud. *Id.* at 113-

6    114. Watson had simply slipped through the cracks. *Id.* at 114.

7          Watson also alleged he should have been informed of the consequences of his employment

8    decision when his supervisor asked him if he wanted to reduce his hours because she believed he

9    was having trouble keeping up due to his medical condition. *Id.* at 106, 114. The court recognized

10   that some circuits have held that in certain circumstances, a fiduciary has an obligation to accurately

11   convey material information to beneficiaries, including material information the beneficiary did not

12   specifically request. *Id.* at 114.

13         The court explained there are two limitations on imposing an affirmative fiduciary duty to

14   inform beneficiaries of material facts about the plan. *Id.* at 114. First, the fiduciary should have

15   known his failure to convey information would be harmful. *Id.* at 114-15, citing *Barker v. Am. Mobil*

16   *Power Corp.*, 64 F.3d 1397 (9th Cir. 1995) (fiduciary suspected plan mismanagement and failed to

17   inform beneficiaries).

18         Second, fiduciaries need not generally provide individualized unsolicited advice. *Id.* at 115.

19   *See* e.g., *Griggs v. E.I. Dupont De Nemours & Co.*, 237 F.3d 371, 381 (4th Cir. 2001) ("ERISA does

20   not impose a general duty requiring ERISA fiduciaries to ascertain on an individual basis whether

21   each beneficiary understands the collateral consequences of his or her particular election);

22   *Bowerman v.Wal-Mart Stores, Inc.*, 226 F.3d 574, 590 (7th Cir. 2000) ("ERISA does not require

23   'plan administrators to investigate each participant's circumstances and prepare advisory opinions

24   for literally thousands of employees'") (quoting *Chojnacki v. GA.-Pac. Corp.*, 108 F.3d 801, 817-18

25   (7th Cir. 1997)); *Maxa v. John Alden life Ins. Co.*, 972 F.2d 980, 985-86 (8th Cir. 1992) (finding no

26   fiduciary duty "individually to notify participants and/or beneficiaries of the specific impact of the

27   general terms of the plan upon them").

28

Regarding knowledge of harm, the court in *Watson* found insufficient evidence to suggest any human resource employees who processed his change to part-time knew or should have known that Watson was likely to need LTD benefits in the future. 298 F.3d at 113, 115. As to the second limitation, the HR employees violated no fiduciary duty by failing to conduct a sua sponte personalized benefits assessment for Watson. *Id.* at 115. Instead, the evidence suggested his supervisor encouraged him to accept part-time status because of the trouble he had in fulfilling the requirements of his full-time job. *Id.* at 116. Further, there was no evidence the supervisor discussed Watson's disability benefits or illness with HR. *Id.*

Here, as in *Watson*, no misrepresentations are involved. Even assuming Saurer was a fiduciary, he had no reason to know his answers to Ms. Taboada-Hall would be harmful to her or Schuett. Like the supervisor in *Watson*, Saurer was concerned for Ms. Taboada-Hall in the context of his responsibilities and knowledge relating to medical leaves of absence. Second, Saurer had no duty to generally provide individualized unsolicited advice, and Saurer told Ms. Taboada-Hall he did not know the answer about her pension benefits and she would need to ask someone else.

Saurer also had no duty to predict every way in which Plaintiff's survivor retirement benefits could be affected by Ms. Taboada-Hall not retiring when she was still in need of medical coverage and long-term disability benefits. *See Farr v. U.S. West Communs., Inc.*, 151 F.3d 908, 915 (9th Cir 1998). *Monper*, 2015 U.S. Dist. LEXIS 64818, at *28. Saurer's concern was the effect of retirement on Ms. Taboada-Hall's cost of medical coverage.

Lastly, Ms. Taboada-Hall and Plaintiff knew through reviewing information and speaking with a representative that Plaintiff would not receive a survivor spouse benefit. (Cplt. ¶¶32-34). Saurer's inability to answer Ms. Taboada-Hall's question and the failure of unidentified HR Personnel to answer her question are insufficient allegations of a breach of fiduciary duty.

### d. Plaintiff Cannot Seek Relief Under §1132(a)(3) Because a Remedy for the Alleged Harm is Available Under §1132(c)(1)(b).

A plaintiff may pursue equitable relief under §1132(a)(3) only if Congress has not provided it elsewhere in ERISA's framework for an adequate remedy to address the plaintiff's injury. See *Brown*, 2013 U.S. Dist. Lexis 95594, *13-14 (D. V.I. July 10, 2013). The plaintiff in *Brown* alleged

15

1  a breach of fiduciary duty under §1132(a)(3) because the administrator failed to produce documents.

2  *Id.* at *5-7. The court found that ERISA already provided a remedy for such injury under

3  1132(c)(1)(b). Here, Plaintiff alleges the Defendants failed to provide information. (Cplt. ¶29, 34).

4  Plaintiff's claim that unidentified individuals failed to respond to inquiries, is, if anything, a failure

5  to produce documents or information. Plaintiff's remedy is available under 1132(c)(1)(b). *See*

6  *Brown*, 2013 U.S. Dist. Lexis 95594 at *22. Because §1132 (c)(1)(b) provides an adequate remedy

7  for Plaintiff's alleged injury, the complaint fails to state a claim under §1132(a)(3). Even if Plaintiff

8  did not have an adequate remedy under §1132 (c)(1)(b), she is not entitled to recovery under §1132

9  (a)(3) because she admits she had information that provided the answer prior to Ms. Taboada-Hall's

10  death (Cplt. ¶¶32-34).

11  **e. Plaintiff Cannot Plead Entitlement to an Equitable Remedy.**

12  Even assuming Plaintiff has sufficiently alleged that a Plan fiduciary misled or failed to

13  inform Ms. Taboada-Hall, Plaintiff has no remedy under §1132(a)(3). The civil enforcement

14  provisions of ERISA, codified in §1132(a), are "the exclusive vehicle for actions by ERISA-plan

15  participants and beneficiaries asserting improper processing of a claim for benefits." *Pilot Life Ins.*

16  *Co. v. Dedeaux*, 481 U.S. 41, 52, 107 S. Ct. 1549, 95 L. Ed. 2d 39 (1987). Courts may not "infer

17  [additional] causes of action in the ERISA context, since that statute's carefully crafted and detailed

18  enforcement scheme provides 'strong evidence that Congress did not intend to authorize other

19  remedies that it simply forgot to incorporate expressly.'" *Mertens v. Hewitt Assocs.*, 508 U.S. 248,

20  254, 113 S. Ct. 2063, 124 L. Ed. 2d 161 (1993) (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473

21  U.S. 134, 146-47, 105 S. Ct. 3085, 87 L. Ed. 2d 96 (1985)). Under ERISA, the issue is not whether

22  the statute bars a particular cause of action, but rather "whether the statute affirmatively authorizes

23  such a suit." *Id.* at 255 n.5. *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 953-954 (9th Cir.

24  2014).

25  In *Gabriel*, the plaintiff challenged the pension fund's determination that he was ineligible

26  for retirement benefits because he never met the vesting requirements. Gabriel brought claims under

27  ERISA, including breach of the fiduciary duties under §1132(a)(3). *Id.*at 952.

28

16

Section 1132 (a)(3) provides that "[a] civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary . . . (B) to obtain other appropriate equitable relief (i) to redress [any act or practice which violates any provision of this subchapter or the terms of the plan] or (ii) to enforce any provisions of this subchapter or the terms of the plan." Under this provision, a plaintiff who is a "participant, beneficiary, or fiduciary" must prove both (1) that there is a remediable wrong, *i.e.*, that the plaintiff seeks relief to redress a violation of ERISA or the terms of a plan, *see Mertens*, 508 U.S. at 254; and (2) that the relief sought is "appropriate equitable relief," 29 U.S.C. §1132(a)(3)(B). A claim fails if the plaintiff cannot establish the second prong, that the remedy sought is "appropriate equitable relief" under §1132(a)(3)(B), regardless of whether "a remediable wrong has been alleged." *Mertens*, 508 U.S. at 254.

*Id.* at 954. "Appropriate equitable relief" refers to a "remedy traditionally viewed as 'equitable.'" *Mertens* at 255; *see also CIGNA Corp. v. Amara*, 131 S. Ct. 1866, 1878, 179 L. Ed. 2d 843 (2011). *Id.*

The Supreme Court identified three types of traditional equitable remedies that may be available under §1132(a)(3): 1) reformation of plan terms, 2) equitable estoppel, and 3) surcharge. *See Amara*, 131 S. Ct. at 1879-80; *Gabriel* 773 F.3d at 955. Plaintiff does not ask to reform terms of the Plan, but rather to enforce plan terms as written, but based on the assumption Ms. Taboada-Hall had retired before she passed away (Cplt. ¶63). Equitable estoppel does not apply because the Plan's definition of "Spouse" was not ambiguous and Ms. Taboada-Hall and Plaintiff knew before she passed away that Plaintiff would not receive a survivor spouse benefit (Cplt. ¶33-34). *See Gabriel* 773 F.3d at 957; *Greany v. W. Farm Bureau Life Ins. Co.*, 973 F.2d 812, 821-22, n.9 (9th Cir. 1992) (quoting *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1096 (1985)) (the party seeking estoppel must be ignorant of the true facts and must first establish that the plan provision in question is ambiguous).

### f. Surcharge is Not an Available Remedy.

The only equitable remedy possibly available to Plaintiff is surcharge. As explained in *Amara*, "[e]quity courts possessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." *Gabriel* at 957. Because *Amara* involved "a suit by a beneficiary against a plan fiduciary," *id.* at 1879, and it was within the power of traditional equity courts to grant a demand for

17

1    "make-whole relief" in the form of the equitable remedy of surcharge, such a remedy was available

2    to the beneficiaries in *Amara*, id. at 1880. *Id*.

3         In *Amara*, the district court found the initial descriptions of plan changes were significantly

4    incomplete and misleading, had caused "likely harm," and ordered CIGNA to reform the plan under

5    29 U.S.C. §1132(a)(1)(B). *Id.* at 1872-73. The Supreme Court concluded reformation was not a

6    remedy available under §1132(a)(1)(B), but that §1132(a)(3) does authorize similar forms of relief.

7    *Id.* at 1871. The relevant standard of harm will depend upon the equitable theory that provides relief.

8    *Id.* at 1871. The Court found surcharge was an available remedy under §1132(a)(3), which includes

9    monetary compensation for a loss resulting from a trustee's breach of duty. *Id.* at 1880.

10        The Supreme Court in *Amara* concluded that to obtain relief by surcharge for a breach of the

11   ERISA trustee's duties, a showing of actual harm and causation is required, but not detrimental

12   reliance. *Id.* at 1881-82. *See Gabriel*, 773 F.3d at 945, 958. The actual harm may consist of

13   detrimental reliance, but it might also come from the loss of a right protected by ERISA. *Id.* at 1881.

14   Regarding the availability of compensatory damages for actual harm, the trustee who breaches his or

15   her duty could be liable for loss of value to the trust or for any profits that the trust would have

16   accrued in the absence of the breach. *See Gabriel*, 773 F.3d at 958 (citing Restatement (Third) Trusts

17   § 100(a) (2012); Restatement (Second) Trusts § 205 (1959)). The beneficiary can pursue the remedy

18   that will put the beneficiary in the position he or she would have attained but for the trustee's breach.

19   *Id.*

20        In *Amara*, the Supreme Court did not decide whether surcharge was an appropriate remedy

21   under the facts of the case and remanded it to the district court for further proceedings. *Id.* at 1882.

22   The context in which a claim under §1132(a)(3) can be brought by a beneficiary for individual

23   monetary relief under a surcharge theory remains unsettled in the Ninth Circuit. See *Gabriel,* 773

24   F.3d at 949-50. *Gabriel* was the Ninth Circuit's first decision after *Amara* regarding the availability

25   of individual equitable relief under a surcharge theory in a claim for breach of fiduciary duty under

26   §1132(a)(3). Because the district court did not have the benefit of the *Amara* decision when it

27   decided a surcharge remedy was not available under §1132(a)(3), the Ninth Circuit remanded the

28

1  case for further proceedings. *Id.* at 949-50, 963. *Gabriel* remains pending at the district court and the

2  issue has not yet been decided. See *Gabriel*, No. 3:06-cv-00192-TMP (D. Alaska).

3       The Northern District of California has held that such a claim may be plausible depending on

4  the sufficiency of the allegations. *See Zisk v. Gannett Company Income Protection Plan*, No. 14-cv-

5  00391 YGR; 2014 U.S. Dist. Lexis 157323, *14-16: Zisk alleged his disability benefits were denied

6  due to a breach of fiduciary duty under §1132(a)(3). *Id.* at *3-4. Specifically, Zisk alleged the

7  fiduciary provided misleading information and failed to investigate the termination of his benefits.

8  *Id.* Zisk sought various damages for losses he incurred as a result (attorney's fees, penalties and

9  interest for using his retirement account in lieu of disability benefits, and other losses). *Id.* at 4.

10  Based on these allegations, the court concluded:

11       At the pleading stage, Zisk's allegations are sufficient to state a causal connection
         between the alleged breaches of fiduciary duty and the injuries he claims to have

12       sustained. In the absence of clear authority barring an equitable surcharge remedy
         under these circumstances, and in light of the Supreme Court and persuasive circuit

13       court authority to the contrary, the Court will permit Zisk's claim for an equitable
         surcharge to remedy a breach of a fiduciary duty to proceed.

14

15  *Id.*

16       Here, Plaintiff's allegations are not sufficient to state a causal connection between alleged

17  breaches of fiduciary duty and Plaintiff's claimed injury. Plaintiff does not allege Saurer and the

18  unidentified HR Personnel are fiduciaries or that they provided misleading or inaccurate

19  information. Plaintiff asks the Court to put her in the position she would have attained if she and Ms.

20  Taboada-Hall had not relied on Saurer's statement to not retire. But Saurer engaged in no egregious

21  behavior. *See* Peralta v. Hispanic Bus. Inc., 419 F.3d 1064, 1075 (9th Cir. 2005) (individual

22  substantive relief under ERISA is available where an employer actively and deliberately misleads its

23  employees to their detriment)

24       Plaintiff also cannot show compensable harm, because she admits Ms. Taboada-Hall decided

25  not to retire because they hoped she would recover (Cplt. ¶29). Plaintiff has simply not alleged

26  sufficient facts to support a surcharge remedy.

27

28

1

2

3                              <u>**CONCLUSION**</u>

4          Based on the foregoing, Defendants respectfully request the Court grant Defendants' motion

5   for judgment on the pleadings.

6

7   DATED: September 2, 2015

8                                      By: */s/ Sandra C. Isom*
                                       _____
9                                          Sandra C. Isom
                                           **FEDERAL EXPRESS CORPORATION**
10
                                           Attorney for Defendants
11                                         FEDEX CORPORATION, FEDEX CORPORATION
                                           EMPLOYEES' PENSION PLAN, and FEDEX
12                                         CORPORATION RETIREMENT APPEALS
                                           COMMITTEE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION & MEMO IN SUPPORT OF DEFENDANTS'**
**MOTION FOR JUDGMENT ON THE PLEADINGS-CASE NO. 4:15-CV-00189-PJH**

1

**CERTIFICATE OF SERVICE**

2      I certify that on September 2, 2015, a copy of the foregoing NOTICE OF MOTION AND

3  MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND

4  AUTHORITIES IN SUPPORT was electronically filed and served on the following via first class

5  mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to

6  electronic Notice, and the Notice of Electronic Filing indicates Notice was electronically mailed to

7  said party:

8
              Nina Wasow
9             Julie Wilensky
              LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
10            476 9th Street
              Oakland, CA 94612
11            (510) 839-6824

12
              Shannon Minter
13            Amy Whelan
              Christopher Stoll
14            NATIONAL CENTER FOR LESBIAN RIGHTS
              870 Market Street, Suite 370
15            San Francisco, CA 94102
              (415) 392-6257
16

17            Tate Birnie
              BIRNIE LAW OFFICE
18            7182 Healdsburg Ave.
              Sebastopol, CA  95472
19            (707) 823-8593

20
                                             *s/ Sandra C. Isom*
21                                           Sandra C. Isom

22  Doc. 1132783

23

24

25

26

27

28
**NOTICE OF MOTION & MEMO IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS-CASE NO. 4:15-CV-00189-PJH**